**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES  PRACTICES, AND PRODUCTS LIABILITY LITIGATION, | No.    16-55327 |
| ------------------------------- | D.C. No. 8:10-ml-02151-JVS-FMO |
| CASSANDRA MCNAIR-STEPNEY, | MEMORANDUM[*] |
| Movant-Appellant, | |
| v. | |
| TOYOTA MOTOR CORPORATION, a Japanese Corporation / a foreign corporation, DBA Toyota Motor North America, Inc.; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation / a foreign corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 9, 2017
Pasadena, California

Before: LINN,[**] BERZON, and WATFORD, Circuit Judges.

The district court did not abuse its discretion by denying Cassandra McNair-Stepney's motion for relief from judgment under Federal Rule of Civil Procedure 60(b). McNair-Stepney contends that both her right to due process and Federal Rule of Civil Procedure 23 were violated because neither she nor her attorney received actual notice of the class action settlement, thereby depriving her of an opportunity to opt out. But neither due process nor Rule 23 require that each individual class member receive actual notice. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128–29 (9th Cir. 2017); *Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994). Due process instead requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also* Fed. R. Civ. P. 23(c)(2)(B). Here, that standard was met.

---

[**] The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

The claims administrator mailed individual notices to more than 22 million class members. The notice sent to McNair-Stepney's attorney contained a typographical error in the address, but the notice was not returned as undeliverable, so there was no reason for the claims administrator to take additional steps to ensure that the notice was actually delivered. The claims administrator did take additional steps to send notice to the roughly one million class members whose notices were returned as undeliverable. But with a class of more than 22 million members, it would simply not have been feasible for the claims administrator to independently verify that every one of the individual notices had in fact reached its intended recipient.

The notice program approved by the district court provided adequate protection against the isolated failure of an individual notice to reach its intended recipient, due to mistake or otherwise. In addition to mailing notices, Toyota planned and executed a comprehensive notice-by-publication campaign, which included settlement advertisements in 1,300 newspapers, at least ten national consumer magazines, and internet banners on popular and highly trafficked websites. As the district court noted, given the widespread publicity surrounding the class action litigation and the publication notice actually provided, "it is difficult to believe that an attorney involved in this massive litigation would not

have learned of the proposed settlement and opportunity to opt-out, even if notice was not sent to his postal address."

Because the notice provided to the class was constitutionally adequate, McNair-Stepney's due process rights were not violated. The notice also comported with the requirements of Rule 23. The district court therefore permissibly exercised its discretion by denying her motion to opt out of the settlement long after final judgment had been entered.

**AFFIRMED.**